Daniel Gutierrez LUJAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 42630.

Court of Criminal Appeals of Texas.

March 4, 1970.

Rehearing Denied May 6, 1970.

John R. Nelms, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Camille Elliott, James P. Finstrom, Harold Entz and Richard Mays, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is the unlawful possession of heroin; the punishment, life.

Trial was before a jury on a plea of not guilty. At appellant's election the punishment was assessed by the court.

The state's evidence reflects that while officers were engaged in searching a residence in the City of Dallas, under authority of a search warrant, appellant entered the house. When he came in Officer Hemby told him he was under arrest. As he started to search him the officer asked

appellant where the stuff was and appellant said "In my shirt pocket right here," and the officer reached in the shirt pocket and took out a cellophane paper containing four capsules of white powder which was shown by the evidence to be heroin and aminopyrine, the amount of heroin being 22.7 milligrams per capsule.

The evidence above summarized was offered by the state and admitted without objection.

■ Two grounds of error are set forth in appellant's brief. The first complains that the searching of appellant's person and the seizure of the four capsules from his shirt pocket was unlawful.

The search warrant upon which the search was being conducted is not in the record before us. However, testimony was elicited from officer Hemby *on cross-examination* that such search warrant ordered the arrest of appellant and that he be brought before the magistrate; that the information he had received was that appellant lived in the house searched and was there late at night and early mornings, and that he (Officer Hemby) had seen him go in the house numerous times during the two weeks it was under surveillance.

Ground of error No. 1 is overruled.

The remaining ground of error relates to the punishment.

The indictment alleged a prior conviction for unlawful possession of a narcotic drug. No proof was offered as to this conviction at the trial on the issue of guilt or innocence and no issue was submitted or finding made by the jury as to such prior conviction.

■ The indictment also alleged a prior conviction for the offense of burglary. Proof of both of the prior convictions alleged was made before the court at the hearing on punishment. Proof of such prior convictions was admissible at such hearing as a part of appellant's prior criminal record.

■ Appellant's ground of error No. 2 is predicated upon the assumption that the prior convictions were used to enhance appellant's punishment to life. (Art. 63 P.C.) Such is not the case.

The punishment for unlawful possession of a narcotic drug, the offense of which appellant was found guilty by the jury, is confinement in the penitentiary for not less than two years nor more than life. Art. 725b, Sec. 23, V.A.P.C.

The record reflects that the court made no findings as to any prior conviction and assessed the punishment at life and that appellant was sentenced to a term of not less than two years nor more than life.

The judgment is affirmed.

MORRISON, J., not participating.